IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELETTA COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-2800-B-BN |
| | § | |
| SARAH-RENEE HOLLINGSWORTH GARNER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Veletta Coleman filed a *pro se* lawsuit in this district in January 2018 against Defendant Sarah-Renee Hollingsworth Garner and others based on a January 2016 automobile accident; Coleman's lawsuit was dismissed for lack of subject matter jurisdiction. *See Coleman v. Garner*, No. 3:18-cv-121-G-BH, 2020 WL 3883575 (N.D. Tex. Apr. 22, 2020), *rec. accepted*, 2020 WL 3872218 (N.D. Tex. July 8, 2020) ("*Coleman I*").

Coleman then filed this *pro se* lawsuit against Garner based on the same accident, making conclusory allegations about this Court's subject matter jurisdiction but providing no facts to show that there is either federal question jurisdiction or complete diversity. *Cf.* Dkt. No. 3 at 1 (alleging that Garner is a citizen of Texas and providing that Coleman's own address is in Dallas, Texas). Coleman further identified *Coleman I* as a related case. *See id.* at 10.

This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Jane J. Boyle.

And, on September 10, 2020, the undersigned entered findings of fact and conclusions of law recommending that the Court *sua sponte* dismiss Coleman's lawsuit for lack of subject matter jurisdiction [Dkt. No. 6] (the "Initial FCR").

The same day, the Court docketed Coleman's motions to appoint counsel and for leave to proceed *in forma pauperis* [Dkt. Nos. 5 & 7] and her one amended complaint as a matter of course [Dkt. No. 8]. *See* FED. R. CIV. P. 15(a)(1).

The amended complaint adds two additional defendants, a Dallas-based lawyer and his law firm, and, like the initial complaint, makes conclusory allegations concerning the existence of federal question jurisdiction. So, as with the initial complaint, Coleman again fails, through her amended complaint, to either establish complete diversity of citizenship – a requirement for jurisdiction under 28 U.S.C. § 1332 – or federal question jurisdiction under 28 U.S.C. § 1331.

For these reasons and for the reasons further explained in the Initial FCR, the Court should *sua sponte* dismiss this action for lack of subject matter jurisdiction.

## Recommendation

The Court should *sua sponte* dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE